# EXHIBIT A

**Serrin Turner**
Direct Dial: +1.212.906.1330
serrin.turner@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM & WATKINS LLP

April 3, 2023

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Nikhil Wahi, et al.*, 22 Cr. 392 (LAP)

Dear Judge Preska:

I write on behalf of Coinbase, Inc. ("Coinbase"), a victim of the intentional criminal conduct of defendants Nikhil Wahi and Ishan Wahi (collectively, "Defendants"), and hereby submit this request for restitution.

## I.    BACKGROUND

Coinbase operates an online platform on which customers can buy and sell various cryptocurrencies.  As alleged in Count One of the Indictment, former Coinbase employee Ishan Wahi, by virtue of his position at Coinbase, possessed "detailed and advanced knowledge of which crypto assets Coinbase was planning to list and the timing of public announcements about those listings."  Indictment, ECF No. 1, ¶ 2.  Ishan Wahi abused his position and his duties to Coinbase by misappropriating that confidential information and tipping his brother, defendant Nikhil Wahi, about upcoming listings.  Nikhil Wahi (and, as alleged in the Indictment, co-defendant Sameer Ramani) then used the information to make well-timed purchases of assets in advance of Coinbase's listing announcements.[1]  Once the listings were announced and the assets had increased in value, Nikhil Wahi would then sell the assets for substantial profit.  *See generally* Sept. 12, 2022 Hr'g Tr., ECF No. 41 at 13:20-15:3 (Nikhil Wahi Change of Plea Hearing); Feb. 7, 2023 Hr'g Tr., ECF No. 81 at 13:4-14:11 (Ishan Wahi Change of Plea Hearing).

On September 12, 2022, Nikhil Wahi pled guilty to Count One of the Indictment, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  On February 7, 2023, Ishan Wahi pled guilty to Counts One and Two of the Indictment, charging the same.  Nikhil Wahi was sentenced on January 10, 2023; Ishan Wahi's sentencing is scheduled for May 10, 2023.

The defendants' crimes are financial in nature.  Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, restitution is mandatory where, as here,

---

[1] Mr. Ramani's case is ongoing.

LATHAM&WATKINS LLP

the defendants stand convicted of a Title 18 offense "committed by fraud or deceit."  MVRA, 18 U.S.C. § 3663A (c)(1)(A)(ii).  Coinbase's request for restitution is set forth more fully below.

## II.    SUMMARY OF LOSSES

Coinbase has suffered financial harm as a result of Defendants' conduct.  Specifically, Coinbase incurred significant legal fees in connection with the Department of Justice's criminal investigation of Defendants' conduct.  That investigation included, among other things, five grand jury subpoenas served on Coinbase with 65 total requests (including subparts) for documents and information covering a multi-year period.  Responding to those requests required extensive document collection and review efforts, numerous calls with the government, and witness interviews.  To handle the significant obligations imposed on Coinbase by the subpoenas, Coinbase engaged Latham & Watkins LLP.   The legal fees Coinbase incurred for Latham & Watkins LLP's work responding to the subpoenas total $406,864.50.  Coinbase is in possession of the underlying billing records that support this total and is prepared to provide such records to the Court to the extent necessary.  If required, Coinbase requests leave to file such billing records under seal in light of their sensitive nature.

In addition, Coinbase incurred significant expenses as a result of work done by members of its Special Investigations and Security Departments in connection with the Department of Justice's criminal investigation of Defendants' conduct, totaling $62,661.00.  This figure was calculated by multiplying the hourly rates of the Coinbase employees who worked on the criminal investigation by the total number of hours worked.

All of the foregoing losses are subject to mandatory restitution under the MVRA, which states that victims are entitled to reimbursement for "expenses incurred during participation in the investigation or prosecution of the offense[.]"  18 U.S.C. § 3663A(b)(4).  *See also United States v. Afriyie*, 27 F.4th 161, 164 (2d Cir.), *cert. denied*, 143 S. Ct. 326 (2022) (affirming restitution order as to expenses related to legal fees associated with "involvement in the criminal investigation, the preparation of trial witnesses, and the restitution proceedings").

For the avoidance of doubt, the losses described above were incurred as a necessary and direct result of the Department of Justice's investigation of and charges against Defendants and do *not* include the additional expenses incurred by Coinbase arising solely from other governmental agencies' investigations into Defendants' conduct.

## III.    CONCLUSION

Coinbase respectfully requests that the Court enter an order requiring the Defendants to pay restitution in the amount of $469,525.50.

Sincerely,

*/s/* Serrin Turner
Serrin Turner
of LATHAM & WATKINS LLP